UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

‎—————————————————————————————————

JERRY GRADL MOTORS, INC., and LIFETIME
MOTOR CARS, INC., Individually and
On Behalf of All Others Similarly Situated,

Plaintiffs,

v.

**AMENDED CLASS
ACTION COMPLAINT**

ACV AUCTIONS, INC., SUN CHEVROLET, INC.,
WHOLESALE CARS ONLINE.COM., L.L.C. d/b/a SUN
AUTO WAREHOUSE, WHOLESALE CARS ONLINE.COM,
L.L.C. d/b/a SUN AUTO WAREHOUSE OF CORTLAND
and BRIAN M. MALCHAK

Civil Action No. 21-CV-409

Defendants

‎—————————————————————————————————

Plaintiffs Jerry Gradl Motors, Inc. and Lifetime Motor Cars, Inc. (collectively the "Plaintiffs"), individually and on behalf of all others similarly situated, by their attorneys HoganWillig, PLLC, for their Amended Class Action Complaint herein alleges as follows:

## NATURE OF THE CASE

1.      This is a class action brought pursuant to Rule 23 of the Federal Rules of Civil Procedure asserting claims under the Sherman Act (15 U.S.C. § 1), the Clayton Act (15 U.S.C. § 15), the Donnelly Act (Section 340 of N.Y. General Business Law), Section 349 of the N.Y. General Business Law and the common law. The aforementioned claims arise from the Defendants' anticompetitive and wrongful conduct of employing a shill bidding practice in which the Defendants use an online automobile auction platform to knowingly cause bidders such as the Plaintiffs and Class members to bid and pay more than they otherwise would for motor vehicles offered for sale using the aforementioned online auction platform.

## PARTIES

2.      Plaintiff Jerry Gradl Motors, Inc. ("Gradl") is a corporation organized and existing under the laws of the State of New York with its principal offices located at 711 Niagara Falls Boulevard, North Tonawanda, New York.

3.      Plaintiff Lifetime Motor Cars, Inc. ("Lifetime Motor Cars") is a corporation organized and existing under the laws of the State of New York with its principal offices located at 261 Mill Street, East Aurora, New York.

4.      Upon information and belief, ACV Auctions, Inc. ("ACV") is a corporation organized and existing under the laws of the State of New York with its principal offices located at 640 Ellicott Street, Buffalo, New York.

5.      Upon information and belief, Defendant Sun Chevrolet, Inc. ("Sun Auto") is a corporation organized and existing under the laws of the State of New York with its principal offices located at 104 West Genesee Street, Chittenango, New York.

6.      Upon information and belief, Defendant Wholesale Cars Online.Com, L.L.C. is a limited liability company organized and existing under the laws of the State of New York with its principal offices located at 7966 Indian Hill Road, Manlius, New York, doing business under the name Sun Auto Warehouse at 8010 Brewerton Road, Cicero, New York ("Sun Auto").

7.      Upon information and belief, Defendant Wholesale Cars Online.Com, L.L.C. is a limited liability company organized and existing under the laws of the State of New York with its principal offices located at 7966 Indian Hill Road, Manlius, New York also

doing business as Sun Auto Warehouse of Cortland at 3861 West Road, Cortland, New York ("Sun Auto").[1]

8.      Upon information and belief, Defendant Brian M. Malchak ("Malchak") is a natural person residing at 2272 Ridge Road, McGraw, New York.

## JURISDICTION

9.      Jurisdiction is in the United States District Court pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1, 15 U.S.C. § 15 and the Court's supplemental and pendant jurisdiction pursuant to 28 U.S.C. § 1367 for the Plaintiffs' and New York Subclass members' State claims herein.

## VENUE

10.     Venue for this action is proper in the Western District of New York pursuant to 28 U.S.C. 1391(b)(2) being the judicial district in which a substantial part of the events giving rise to the claims herein occurred.

## STATEMENT OF FACTS

11.      ACV offers an online platform to enable used car dealers to view, bid upon and purchase an inventory of automobiles and other motor vehicles through an online auction.

12.     The ACV online auction lasts a maximum of twenty (20) minutes for each automobile or other motor vehicle offered for sale to allow bidders to place bids for any particular vehicle using ACV's services and the ACV platform software allows the seller to establish the minimum price (hereinafter the "floor price") at which the vehicle can be

---

[1] Sun Chevrolet Inc., Wholesale Cars Online.Com L.L.C. d/b/a Sun Auto Warehouse and Wholesale Cars Online.Com, L.L.C. d/b/a Sun Auto Warehouse of Cortland are hereinafter referred to collectively in this Amended Class Action Complaint as "Sun Auto".

automatically sold to a buyer during the auction; all legitimate bidders are unaware of the floor price.

13.     If a bid placed by a bidder exceeds the seller's floor price within the twenty (20) minute auction for a vehicle, the software for the ACV online system facilitates an automatic sale to the highest bidder whose bid exceeds the seller's floor price.

14.     As the bidding proceeds, if a bid is submitted which is surpassed by a competing bid, the ACV online system advises the bidder that the bid is unsuccessful and that the bidder has been outbid.

15.     The software for the ACV auction platform permits a bidder to make a proxy bid for a particular vehicle at a specified price prior to the beginning of the auction and all legitimate bidders are unaware of the bidder's proxy bid.

16.     Sun Auto are automobile dealers which used ACV's online services to sell automobiles and other motor vehicles to dealers and any other parties who utilized the ACV online auction platform.

17.     During the Class Period (January 2015 through June 2019), the Plaintiffs and Class members used ACV's online auction services to purchase automobiles and other vehicles from Sun Auto.

18.     Upon information and belief, using the above-described ACV online auction platform and by prior agreement with ACV and Sun Auto, during the Class Period Malchak participated in the shill bidding activities with ACV and Sun Auto described below.

19.     Upon information and belief, by prior agreement with ACV and Sun Auto, the Sun Auto floor price of the vehicle being offered for sale by Sun Auto using the ACV online platform was disclosed to Malchak and, with knowledge of that information,

Malchak presented a phantom proxy bid at a price below the floor price for the purpose of causing competing bids to increase (i.e. "shill up") with no intention of purchasing the motor vehicle being offered for sale by Sun Auto.

20.     As legitimate bidders placed bids while the Malchak proxy bid was in place, bids at any price below the Malchak bid price were automatically outbid by Malchak and such unsuccessful bidders were advised they had been outbid by the ACV online platform software.

21.     Upon information and belief and in the alternative, Malchak combined his use of the aforesaid phantom proxy bids with live bids made without the intention to purchase vehicles and for the purpose of "shilling up" bid prices (the foregoing are collectively referred to herein as Malchak's "shill bids").

22.     In order to outbid the Malchak shill bids and purchase the vehicles being offered for sale by Sun Auto on the ACV online platform, bidders had to bid at prices higher than they would otherwise bid, and purchasers of the vehicles would have to pay a price higher than they would otherwise pay without the Malchak shill bids.

23.     The fact that Malchak was shill bidding on vehicles being sold by Sun Auto on the ACV online auction platform and had no intention of purchasing the vehicles he was purportedly bidding on is confirmed by the parties' conduct described herein.

24.     In that connection, if bidding on a specific vehicle does not reach the seller's floor price during the ACV auction, the software for the ACV online platform offers the highest bidder the opportunity to purchase the vehicle at the seller's floor price.

25.     On many occasions during the Class Period – including numerous transactions in direct succession – Malchak was the high bidder on Sun Auto vehicles

which did not automatically sell on the ACV auction platform and Malchak declined the ACV offer to purchase the Sun Auto vehicle at the floor price; the obvious reason for the foregoing is that Malchak was shill bidding on Sun Auto vehicles without any intention to purchase the vehicles.

26.     ACV had the right and technological ability to suspend or terminate a bidder's auction account upon learning of bidding irregularities involving the use of the bidder's account, such as the aforesaid irregularities involving Malchak's bidding account.

27.     Upon information and belief, in addition to having data which gave ACV reason to believe Malchak's account was being used to engage in bidding irregularities, ACV management personnel were specifically advised of Malchak's bidding irregularities by an ACV employee and did not suspend or terminate Malchak's account, nor take any action in reference to Malchak's bidding account; the foregoing indicates that ACV was aware of Malchak's bidding irregularities and agreed to permit the same to continue.

28.     Furthermore, upon information and belief, in addition to shill bidding being a regular practice on ACV's online auction platform which caused financial damage to legitimate bidders such as the Plaintiffs and Class members in this case, the practice was financially damaging to ACV employees who lost the benefit of sales transactions if bids on those sales did not meet the improper shill price, and ACV vigorously discouraged any complaints by ACV employees about the ongoing shill bidding practice.

29.     The shill bidding practice described herein was predicated on wrongful conduct of the Defendants fraudulently concealed from legitimate bidders who used the ACV online auction platform during the Class Period and constituted continuing violations

of the statutes described herein during the Class Period, and continuing fraudulent and inequitable conduct described herein during the Class Period.

30.     The bidders who bid on motor vehicles offered for sale by Sun Auto on the ACV online auction platform during the Class Period were located in New York and other states and used the internet to engage in the transactions at issue and, therefore, the Defendants' wrongful conduct described herein involved and infected federal interstate commerce.

## CLASS ACTION ALLEGATIONS

31.     The Plaintiffs bring this action on behalf of themselves and all other similarly-situated Class members pursuant to Rule 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure and seek certification of the following Class: Any bidders using the ACV online auction platform during the Class Period (January 2015 through June 2019) who bid on motor vehicles being offered for sale by Sun Auto without knowledge of the Sun Auto floor price while Malchak made improper shill bids on the same motor vehicle with prior knowledge of the Sun Auto floor price. The aforesaid Class includes successful bidders who purchased the motor vehicle and bidders who placed unsuccessful bids.

32.     The Plaintiffs also seek certification of the following New York Subclass pursuant to Rules 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure: Any bidders placing bids from locations within the State of New York using the ACV online auction platform during the Class Period who bid on motor vehicles being offered for sale by Sun Auto without knowledge of the Sun Auto floor price while Malchak made improper shill bids on the same motor vehicles with prior knowledge of the Sun Auto floor price.

The aforesaid Subclass includes successful bidders who purchased the motor vehicle and bidders who placed unsuccessful bids.

33. **Numerosity.** The Classes are so numerous and geographically dispersed that joinder of all Class members is impracticable. Plaintiffs have reason to believe that there are thousands of members of the Class. Class members may be identified through objective means and notified of the pendency of this action by recognized, Court-approved notice dissemination methods, which may include U.S. mail, electronic mail, internet postings, and/or published notice.

34. **Commonality and Predominance.** This action involves common questions or law and fact that predominate over any questions affecting individual Class members. These common questions include, but are not limited to:

a) Whether the Defendants entered into an agreement to use the ACV online platform to cause Class members to bid more than they would otherwise bid on motor vehicles offered for sale by Sun Auto and to pay more than they would otherwise pay for motor vehicles sold by Sun Auto using the ACV online platform;

b) Whether by entering into and knowingly participating in the aforesaid agreement the Defendants put bidders at a disadvantage and thereby engaged in an illegal antitrust practice;

c) Whether the Defendants deceived the Class members by concealing that Malchak made improper shill bids on motor vehicles being offered for sale by Sun Auto with prior knowledge of the Sun Auto floor price; and

d) Whether members of both Classes were damaged by the Defendants' anti-
competitive, deceptive and fraudulent conduct.

35.     **Typicality.** The Plaintiffs are typical of members of both Classes. The
Plaintiffs are used car dealers located in New York State who use the ACV online auction
platform to view, bid upon, and purchase automobiles and other motor vehicles offered
for sale by Sun Auto during the Class Period, which is the time period Malchak was
making the above-described improper shill bids on motor vehicles offered for sale by Sun
Auto, and the Plaintiffs were injured by bidding more than they would otherwise bid and
paying more than they would otherwise pay for vehicles offered for sale by Sun Auto
because it was necessary to out-bid Malchak's improper shill bids.

36.     **Adequacy.** The Plaintiffs are adequate representatives of both Classes
because Plaintiffs are members of both Classes and are committed to pursuing this
matter to obtain relief for themselves and for both Classes. The Plaintiffs have no conflicts
of interest with either Class. Plaintiffs have also retained counsel competent and
experienced in complex class action litigation. The Plaintiffs intend to vigorously
prosecute this case and will fairly and adequately protect the interests of the Classes.

37.     **Superiority.**  Class action litigation is superior to any other available means
for the fair and efficient adjudication of this controversy, and no unusual difficulties are
likely to be encountered in the management of this class action. The primary purpose of
the class action mechanism is to permit litigation against wrongdoers even when
damages to the individual plaintiff may not be sufficient to justify individual litigation. Here,
the damages suffered by the Plaintiffs and the Class members may be relatively small
compared to the burden and expense required to individually litigate their claims against

the Defendants and, therefore, individual litigation to redress the wrongful conduct of the Defendants would be impracticable. Individual litigation by each Class member would also strain the Court system, create the potential for inconsistent or contradictory judgments, and increase the delay and expense to all parties and the Court system. By contrast, the class action mechanism presents far fewer management difficulties and provides the benefits of a single adjudication, economies of scale, and comprehensive supervision by a single Court.

## FIRST CAUSE OF ACTION

### VIOLATION OF SHERMAN ACT
### AND CLAYTON ACT

38.     Plaintiffs repeat and reallege paragraphs "1" through "37" as if fully set forth herein.

39.     By agreeing to engage in the unlawful shill bidding combination described above, the Defendants have engaged in an illegal anticompetitive practice which requires legitimate bidders such as the Plaintiffs and Class members to make bids which exceed Malchak's improper shill bids in order to purchase the motor vehicles being offered for sale by Sun Auto on the ACV auction platform.

40.     When bidding on Sun Auto vehicles, legitimate bidders such as the Plaintiffs and Class members do not know the floor price of the Sun Auto vehicles being auctioned on the ACV online platform, and do not know that another purported bidder – Malchak – does know the Sun Auto floor price.

41.     The aforesaid shill bidding practice is inherently unfair and puts legitimate bidders such as the Plaintiffs and Class members at an immediate disadvantage because

such bidders are pre-determined to be outbid by the improper Malchak shill bids, causing the legitimate bids below the Malchak shill bids to have no possibility of being successful.

42.     The aforesaid shill bidding practice is anticompetitive and violative of the antitrust laws because it unlawfully drives up the prices for the vehicles being sold since it requires legitimate bidders such as the Plaintiffs and the Class members to bid more than they would otherwise bid without the improper shill bids of Malchak for Sun Auto motor vehicles being auctioned on the ACV online platform.

43.     The aforesaid shill bidding practice is similarly anticompetitive and violative of the antitrust laws because it requires legitimate bidders such as the Plaintiffs and Class members whose bids are successful to pay more than they would otherwise pay for the Sun Auto motor vehicles being auctioned on the ACV online platform.

44.     Knowing legitimate bidders such as the Plaintiffs and Class members must out-bid Malchak's improper shill bids to be successful, which results in the legitimate bidding to be "shilled up" (i.e., to drive up the price), upon information and belief, when improper shill bids are being submitted by Malchak the prices for Sun Auto vehicles on the ACV online platform were set artificially high in relation to the fair market value.

45.     Upon information and belief, when Sun Auto vehicles were sold on the ACV online platform when improper shill bids were submitted by Malchak, the revenue received by Sun Auto and ACV for each vehicle sold was higher than the revenue which would have been received without the Malchak shill bids.

46.     Furthermore, upon information and belief, in addition to Sun Auto being ACV's largest customer using ACV's online auction platform to sell vehicles during the Class Period, Sun Auto was an investor in ACV and, therefore, Sun Auto and ACV shared

a common interest in increasing the revenue received through the above-described anticompetitive shill bidding practice.

47.    In addition to the Defendants' above-described shill bidding practice being anticompetitive and unlawful because it causes legitimate bidders to bid and pay more than they would otherwise pay for Sun Auto vehicles, the practice is also anticompetitive and unlawful because it causes bidders such as the Plaintiffs and Class members to believe that there is greater demand for the Sun Auto vehicles then actually exists in the market.

48.    Upon being deceived into believing there is greater demand for the vehicles than actually exists in the market, bidders are unlawfully led to believe that the market justifies higher bids for the Sun Auto vehicles being auctioned on the ACV online platform.

49.    The excessive amount paid by the Plaintiffs and Class members for Sun Auto vehicles unlawfully sold using the ACV online auction due to the above-described anticompetitive shill bidding practice is the actual injury sustained by the Plaintiffs and Class members and is injury of the type the antitrust laws were intended to prevent.

50.    Moreover, as victims of the Defendants' illegal anticompetitive conduct whose claims are typical of the members of both Classes herein, the Plaintiffs are efficient enforcers of the antitrust laws being vindicated and enforced in this action for reasons which include, without limitation, the following:

a) The Plaintiffs and Class members have sustained direct damages consisting of the excessive amounts bid and paid for Sun Auto vehicles sold using the ACV online auction platform;

b) Being bidders who bid on vehicles being sold through the ACV online auction platform during the Class Period and suffered damages as a result, the Plaintiffs and Class members are an identifiable group whose self-interest in a recovery motivates them to vindicate the public interest in antitrust enforcement; and

c) The infliction of damages on the Plaintiffs and Class members is a certainty which can be ascertained and calculated and using their own business records, business records of ACV and Sun Auto, and publicly available market information reflecting the fair market value of the Sun Auto vehicles sold using the ACV online auction platform during the Class Period.

51.     By reason of having engaged in the above-described anticompetitive shill bidding practice, the Defendants have engaged in illegal conduct in restraint of trade consisting of a per se violation of Section 1 of the Sherman Act (15 U.S.C. §1).

52.     The Plaintiffs and Class members herein have "antitrust standing" pursuant to Section 4 of the Clayton Act (15 U.S.C. §15) both by being persons or entities "injured in [their] business or property by reason of . . . [acts] . . . forbidden in the antitrust law" and by virtue of being persons or entities having suffered damage directly attributable to an anticompetitive aspect of the above-described shill bidding practice.

53.     As a result of the aforesaid acts of the Defendants in violation of the antitrust law, the Defendants should be found liable to the Plaintiffs and Class members an amount not less than of $5,000,000, together with treble damages and reasonable attorneys' fees.

## SECOND CAUSE OF ACTION
## VIOLATION OF DONNELLY ACT
## (NEW YORK SUBCLASS)

54.    Plaintiffs repeat and reallege paragraphs "1" through "53" as if fully set forth herein.

55.    As parties who use the ACV online auction platform to purchase motor vehicles from Sun Auto to acquire their inventory of used automobiles and other vehicles, the Plaintiffs and Class members are consumers in the relevant market at issue in this action.

56.    Moreover, the above-described agreement among the Defendants to engage in the aforesaid illegal shill bidding practice constitutes an unlawful combination in restraint of trade in violation of the Donnelly Act.

57.    Claims under the Donnelly Act are interpreted in the same manner as federal antitrust claims under the Sherman Act and the New York State antitrust claims asserted in the instant Cause of Action are premised on the same factual allegations as the claims under the Sherman Act set forth in the preceding Cause of Action herein.

58.    Therefore, the allegations in the preceding Cause of Action giving rise to the Plaintiffs' claims against the Defendants under the Sherman Act and Clayton Action are respectfully incorporated and repeated herein in the instant Cause of Action.

59.    As a result of the aforesaid acts of the Defendants in violation of the Donnelly Act, the Defendants should be found liable to the Plaintiffs and New York Subclass members in an amount not less than $5,000,000, together with the treble damages and reasonable attorneys fees.

{H2969518.1}                                                14

## THIRD CAUSE OF ACTION

## VIOLATION OF SECTION 349 OF N.Y. GENERAL BUSINESS LAW

## (NEW YORK SUBCLASS)

60.    Plaintiffs repeat and reallege paragraphs "1" through "59" as if fully set forth herein.

61.    As stated above, being parties who use the ACV online auction platform to view, bid upon and purchase motor vehicles from Sun Auto, the Plaintiffs and New York Subclass members are consumers in the relevant market at issue in this action and, as such, the use of the ACV online auction to sell motor vehicles is a consumer-orientated transaction.

62.    In the same way that the Defendants' unlawful shill bidding practice was anticompetitive and violative of the antitrust laws, the practice was deceptive and materially misleading.

63.    In that connection, the aforesaid shill bidding practice is deceptive and materially misleading for reasons which include, without limitation, the following:

> a) When bidding on Sun Auto vehicles, legitimate bidders such as the Plaintiffs and New York Subclass members do not know the floor price of the Sun Auto vehicles while another purported bidder—Malchak—is wrongfully aware of the floor price;
>
> b) The Defendants' unlawful shill bidding practice puts legitimate bidders at an immediate disadvantage because such bidders are pre-determined to be outbid by the aforesaid improper Malchak shill bids,

and such bidders do not know they are at a disadvantage due to the improper shill bids;

c) Legitimate bidders do not know they are bidding against improper shill bids and do not know they will have to bid more they would otherwise bid and pay more than they would otherwise pay for Sun Auto vehicles due to the improper shill bids; and

d) Due to the improper shill bids utilized in the Defendants' unlawful shill bidding practice, legitimate bidders are led to believe that there is greater demand for the Sun Auto vehicle being auctioned than actually exists in the market and that such demand justifies higher bids.

64.     In being misled by the Defendants above-described conduct, the Plaintiffs and New York Subclass members acted reasonably under the circumstances in bidding for Sun Auto motor vehicles offered for sale on ACV's online auction platform during the Class Period.

65.     The Plaintiffs and New York Subclass members were damaged by the Defendants' aforesaid deceptive and misleading conduct in violation of Section 349 of the N.Y. General Business Law by being caused to bid more than they would otherwise bid and pay more than they would otherwise pay for Sun Auto vehicles.

66.     As a result of the aforesaid acts of the Defendants in violation of Section 349 of the N.Y. General Business Law, the Defendants should be found liable to the Plaintiffs and New York Subclass members for compensatory and punitive damages in an amount determined by the Court and reasonable attorneys fees.

## FOURTH CAUSE OF ACTION

## FRAUD BY CONCEALMENT

67.    Plaintiff's repeat and reallege paragraphs "1" through "66" as if fully set forth herein.

68.    When using the above-described unlawful shill bidding practice during the Class Period to offer Sun Auto vehicles for sale on ACV's online auction platform, the Defendants intentionally and wrongfully concealed from legitimate bidders such as the Plaintiffs and Class members that Defendant Malchak was wrongfully aware of the Sun Auto floor price and was using that knowledge in making shill bids to wrongfully increase the bids of legitimate bidders.

69.    The Defendants also intentionally and wrongfully concealed from legitimate bidders that, in bidding against Malchak's improper shill bids, such bidders were at a disadvantage because:

> a) Any bids in an amount less than the improper shill bids were pre-determined to be unsuccessful, and
>
> b) In order to be successful, legitimate bidders would have to bid more than they would otherwise bid and pay more than they would otherwise pay for the Sun Auto vehicle.

70.    The Plaintiffs and Class members had no reason to know that shill bids were being made which were driving up the price of Sun Auto motor vehicles offered for sale during the bidding on the ACV online auction platform.

71.    The Defendants had a duty to disclose to legitimate bidders that the Sun Auto floor price had been disclosed to Malchak when the shill bidding practice was being

employed on the ACV online auction because information relative to the fairness of the ACV online auction was crucial to the bidders' decision to participate in the ACV online auction.

72.     The Plaintiffs and Class members relied on the lack of any indication that the bidding was unfair in proceeding to bid on Sun Auto vehicles on the ACV online auction platform during the Class Period.

73.     The Plaintiffs and Class members were damaged by Defendants' fraudulent conduct by being caused to bid more than they would otherwise bid and pay more than they would otherwise pay for the Sun Auto vehicles being offered for sale, and by paying an excessive amount for the Sun Auto vehicles in relation to the fair market value of the vehicles.

74.     By reason of the Defendants' fraud, the Defendants should be found liable to the Plaintiffs and Class members in an amount not less than $5,000,000, plus punitive damages in an amount to be determined by the Court and reasonable attorneys fees.

### FIFTH CAUSE OF ACTION
### AGAINST ACV AND SUN AUTO

### UNJUST ENRICHMENT

75.     Plaintiffs repeat and reallege paragraphs "1" through "74" as if fully set forth herein.

76.     In using the ACV online auction platform to view, bid upon and purchase vehicles from Sun Auto during the Class Period, the Plaintiffs and Class members entered into business relationships and completed business transactions with both ACV and Sun Auto.

77.    In completing the aforesaid business transactions with the Plaintiffs and Class members, the Defendants used the above-described unlawful, anticompetitive, deceptive and fraudulent means to extract excessive payments from the Plaintiffs and Class members for Sun Auto vehicles sold through ACV's online auction platform.

78.    The excessive payments include payments for Sun Auto motor vehicles that were greater than would have otherwise been paid without the Defendants' employment of the unlawful shill bidding practice described herein, and payments for Sun Auto vehicles at prices which exceed the fair market value of the vehicles purchased.

79.    Defendants ACV and Sun Auto have unlawfully and unjustly enriched themselves at the expense of the Plaintiffs and the Class members and it is against equity and good conscience to permit ACV and Sun Auto to retain said monies.

80.    Accordingly, by reason of the foregoing, ACV and Sun Auto should be required to reimburse the Plaintiffs and Class members for the monies wrongfully obtained and should be found liable in an amount not less than $5,000,000 plus reasonable attorneys fees.

WHEREFORE, the Plaintiffs respectfully request the following relief:

(a)    An Order pursuant to Rule 23 of the Federal Rules of Civil Procedure determining that this action may proceed as a Class Action with the Plaintiffs as Class Representatives;

(b)    A Judgement against the Defendants on behalf of the Plaintiffs and Class members under the First Cause of Action in an amount not less than $5,000,000, together with treble damages and reasonable attorneys fees;

(c)     A Judgement against the Defendants on behalf of the Plaintiffs and New York Subclass members under the Second Cause of Action in an amount not less than $5,000,000, together with treble damages and reasonable attorneys fees;

(d)     A Judgement against the Defendants on behalf of the Plaintiffs and New York Subclass members under the Third Cause of Action for compensatory and punitive damages in an amount determined by the Court plus reasonable attorneys fees;

(e)     A Judgment against the Defendants on behalf of the Plaintiffs and Class members under the Fourth Cause of Action in an amount not less than $5,000,000, together with punitive damages in an amount determined by the Court plus reasonable attorneys fees;

(f)     A Judgment against Defendants ACV and Sun Auto on behalf of the Plaintiffs and Class members under the Fifth Cause of Action in an amount not less than $5,000,000, plus reasonable attorneys fees; and

(g)     Appropriate interest, the costs and disbursements of this action and such other and further relief the Court deems proper.

## DEMAND FOR JURY TRIAL

The Plaintiffs respectfully request a jury trial of all matters so triable.

Dated:     April 26, 2021
           Amherst, New York

                                        HOGANWILLIG, PLLC

                          By:           _____

                                        Edward P. Yankelunas, Esq.
                                        Corey J. Hogan, Esq.
                                        Steven M. Cohen, Esq.
                                        *Attorneys for Plaintiffs*
                                        2410 North Forest Road, Suite 301
                                        Amherst, New York 14068
                                        Telephone: (716) 636-7600