UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

JERRY GRADL MOTORS, INC., and LIFETIME
MOTOR CARS, INC., Individually and
On Behalf of All Others Similarly Situated,

        Plaintiffs,

v.

ACV AUCTIONS, INC., SUN CHEVROLET, INC.,
WHOLESALE CARS ONLINE.COM., L.L.C. d/b/a SUN
AUTO WAREHOUSE, WHOLESALE CARS ONLINE.COM,
L.L.C. d/b/a SUN AUTO WAREHOUSE OF CORTLAND,
BRIAN M. MALCHAK, JOSEPH NEIMAN, GEORGE
CHAMOUN, DANIEL MAGNUSZEWSKI and
TODD J. CAPUTO

        Defendants

**PLAINTIFFS' RICO CASE STATEMENT**

Civil Action No. 21-CV-409

---

  Pursuant to Rule 9 of the Court's Local Rules of Civil Procedure, the Plaintiffs provide the following information in support of their RICO claims in the above-captioned action. The Plaintiffs reserve the right to amend this Statement and/or change assertions stated herein after the benefit of discovery.

  1. The alleged unlawful conduct is a violation of 18 U.S.C. § 1962(c).

  2. The following Defendants are the persons against whom RICO claims have been asserted in this action (hereinafter the "RICO Defendants"): Joseph Neiman ("Neiman"), George Chamoun ("Chamoun"), Daniel Magnuszewski ("Magnuszewski") and Todd J. Caputo ("Caputo"). Defendant ACV Auctions, Inc. ("ACV") is the RICO "enterprise" in this action as that term is defined in 18 U.S.C. § 1961(4) and 1962. ACV offers an online auction platform to enable used car dealers such as the Plaintiffs to view, bid upon and purchase automobiles and other motor vehicles through an online auction. The alleged

misconduct is the RICO Defendants' fraudulent scheme to cause shill bidding to be improperly utilized on sales of Sun Auto[1] vehicles being auctioned on the ACV online auction platform.

3. Defendant Brian M. Malchak ("Malchak") is an alleged wrongdoer other than the RICO Defendants listed above. An ACV online auction lasts a maximum of twenty (20) minutes. The software for the ACV auction platform allows the seller to establish the minimum price (the "floor price") at which the vehicle can be sold. If bidding reaches the floor price the ACV auction software facilitates an automatic sale. Legitimate bidders are unaware of the seller's floor price. On auctions involving the sale of Sun Auto vehicles, the Sun Auto floor price was wrongfully disclosed to Malchak and that information was used by Malchak to engage in shill bidding on auction sales of Sun Auto vehicles.

4. The instant case is a class action in which the Plaintiffs are lead plaintiffs and the Plaintiffs and Class members are the victims of the alleged wrongdoing. Legitimate bidders such as the Plaintiffs and potential Class members must outbid Malchak's, improper shill bids to be successful, which results in legitimate bidding to be "shilled up" (i.e. to drive up the price) and legitimate bidders who are successful in bidding on Sun Auto cars are injured because they pay more than they otherwise would for the vehicle being purchased.

5. The following is a description of the pattern of racketeering activity alleged in the RICO claim asserted in this action:

    a) The alleged predicate acts consist of wire fraud in violation of 18 U.S.C. § 1343;

---

[1] Defendants Sun Chevrolet Inc, Wholesale Cars Online.Com L.L.C. d/b/a Sun Auto Warehouse and Wholesale Cars Online.Com, L.L.C. d/b/a Sun Auto Warehouse of Cortland are hereinafter referred to collectively as "Sun Auto".

b) Shill bidding on the ACV online auction platform necessarily entailed frequent and repeated wire transmissions throughout the Class Period in this case (January 2015 through June 2019) and the precise dates of such transmissions relative to the sale of Sun Auto vehicles cannot be provided without access to the books and records of ACV and Sun Auto;

c) By engaging in an intentional fraudulent scheme using shill bidding on the internet to entice legitimate bidders such as the Plaintiffs and Class members to bid on Sun Auto vehicles – which led to higher bids and higher prices paid for Sun Auto vehicles – the RICO defendants violated U.S.C. § 1343. In conjunction with Defendant Malchak, for the purpose of executing the scheme, the RICO Defendants regularly transmitted, and caused to be transmitted by means of wire communications in interstate commerce, writings, electronic data and funds. The misleading and deceptive wire communications were made to the Plaintiffs and potential Class members; discovery will be required to determine the specific identity of the Class members who received fraudulent wire communications;

d) Plaintiffs are not aware of any criminal convictions based on the predicate acts;

e) Plaintiffs are not aware of any judgments based on the predicate acts;

f) The RICO Defendants have used ACV to engage in an ongoing an continuous practice of causing illegitimate bids to be placed on Sun Auto automobiles through wire transmissions for the sole purpose of generating interest and use the illusion of competitive bidding to raise the price of Sun Auto automobiles

being sold on the ACV online auction platform, and the foregoing constitutes a pattern of "racketeering activity" as defined in 18 U.S.C § 1961(c);

g) The predicate acts of wire fraud alleged in this action were not isolated events, but related acts aimed at the common goal of defrauding legitimate bidders such as the Plaintiffs and Class members and each of the RICO Defendants were common participants in the predicate acts.

6. The following is a description of the RICO "enterprise" in this action:

   a) ACV is a corporation which is the RICO "enterprise" as that term is defined in 18 U.S.C. § 1961(4) and 1962(c);

   b) ACV has established an online auction platform and associated software which is used by sellers of used automobiles to sell automobiles online using an auction format;

   c) Defendants Neiman, Chamoun and Magnuszewski are employed by ACV; Chamoun is CEO, Neiman is "Chief Customer Success Officer " and Magnuszewski is "Chief Technology Officer";

   d) As an investor in ACV and former owner of Sun Auto – ACV's largest customer from 2016 to 2019 – Defendant Caputo is associated with ACV.

   e) The RICO Defendants are individuals who are separate from ACV (the RICO "enterprise" in this case);

   f) ACV has an ascertainable corporate structure which is separate and distinct from the pattern of racketeering activity in which the RICO Defendants have engaged;

4

g) The RICO Defendants use ACV's online auction platform, associated software, ACV personnel and data to engage in the pattern of racketeering activity alleged in this case;

h) Since the shill bidding on auction sales of Sun Auto cars cause legitimate bidders to pay more than they otherwise would for Sun Auto vehicles sold using the ACV online auction platform, the excessive amounts paid to Sun Auto result in higher fees paid to ACV;

i) Auction sales using the ACV online platform require use of the internet and, therefore, shill bidding designed to create the illusion of competitive bidding uses the wires to transmit misleading information and necessarily adversely affects interstate commerce;

j) With regard to the violation of 18 U.S.C. 1962(c) alleged in this action, whether the RICO Defendants are employed or associated with the RICO enterprise and whether the same entity is both the liable "person" and "enterprise" herein, please see Subparagraphs 6(c) and (d), above;

k) Shill bidding on Sun Auto vehicles caused legitimate bidders to bid more than they otherwise would without the shill bidding and the direct, proximate and foreseeable result of the foregoing was to cause successful legitimate bidders to pay more than they would have otherwise paid for the Sun Auto automobile using the ACV online platform; the Plaintiffs and Class members were damaged by the excessive amounts paid for Sun Auto vehicles and such damages

constitute an injury to business or property within the meaning of 18 U.S.C. § 1961(5);

l) The RICO Defendants have joint and several liability for three (3) times the damages sustained by the Plaintiffs and Class members herein; discovery will be required to ascertain the specific transactions affected by the RICO Defendants' wrongful conduct and the damages caused by such conduct.

m) Additional federal claims have been asserted under the Sherman Act (15 U.S.C. § 1) and Clayton Act (15 U.S.C. 15);

n) State law claims have been asserted under the Donnelly Act (Section 340 of N.Y. General Business Law), Section 349 of the N.Y. General Business Law and the common law (fraud by concealment and unjust enrichment).

Dated:  July 8, 2021
        Amherst, New York

HOGANWILLIG, PLLC

Edward P. Yankelunas, Esq.
Corey J. Hogan, Esq.
Steven M. Cohen, Esq.
*Attorneys for Plaintiffs*
2410 North Forest Road, Suite 301
Amherst, NY 14068
(716) 636-7600