UNITED STATES DISTRICT COURT
FOR THE
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JERRY GRADL MOTORS, INC. and <br> LIFETIME MOTOR CARS, INC., <br><br> Plaintiffs, <br><br> v. <br><br> ACV AUCTIONS, INC., BRIAN M. <br> MALCHAK, SUN CHEVROLET, INC., <br> WHOLESALE CARS ONLINE.COM, LLC, <br> JOSEPH NEIMAN, GEORGE CHAMOUN, <br> DANIEL MAGNUSZEWSKI, and <br> TODD J. CAPUTO, <br><br> Defendants. | Case No. 1:21-cv-00409 |

**ENTRY ORDER GRANTING IN PART AND DENYING IN PART
DEFENDANT ACV AUCTIONS INC.'S MOTION TO SEAL**
(Doc. 34)

Defendant ACV Auctions, Inc. ("Defendant ACV") moves to seal information contained in paragraphs 14-17 of the affidavit of David Kaplan (the "Kaplan Affidavit") and Exhibits A-C attached thereto. On July 7, 2021, while Defendant ACV's motion to seal was pending, Plaintiffs Jerry Gradl Motors, Inc. and Lifetime Motor Cars, Inc. (collectively, "Plaintiffs") filed a Second Amended Class Action Complaint, attaching Exhibits A-C thereto.

Plaintiffs' filing of documents does not automatically render them judicial documents to which the public shall have unfettered access. *See Brown v. Maxwell*, 929 F.3d 41, 49 (2d Cir. 2019) (observing "the mere filing of a paper or document with the court is insufficient to render that paper a judicial document subject to the right of public access") (internal quotation marks omitted). Were this the rule, a party could unilaterally vitiate a confidentiality agreement or reveal its opponent's trade secrets and proprietary information by merely filing that information with a court. Plaintiffs, however, are

correct that Defendant ACV bears the burden of establishing that sealing is appropriate, that the standard is an exacting one, and that sealing must be no more extensive than necessary. *See SEC v. TheStreet.com*, 273 F.3d 222, 231 (2d Cir. 2001).

Defendant ACV seeks sealing on two grounds. First, it contends that the individuals whose names are disclosed in paragraphs 14-17 of the Kaplan Affidavit and Exhibits A-C should have their identities sealed as there are third parties who retain a privacy interest in their identities and bidding practices. As Plaintiffs point out, the individuals include a defendant in this lawsuit and employees of Defendant Sun Auto Warehouse, none of whom is alleged to be a disinterested third party. Instead, these individuals are alleged to have participated in transactions that gave rise to Plaintiffs' claims. Personal information beyond first and last names is not revealed. Against this backdrop, Defendant ACV has failed to establish that sealing is necessary to protect an interest that outweighs any right of public access.

Second, Defendant ACV asserts that Mr. Kaplan is a signatory to a July 12, 2018 New Employee Consent Agreement which requires him to file documents containing non-public "trade-secrets," "customers," and "technology" under seal. Although a court may consider a confidentiality agreement, *see Gamble v. Deutsche Bank AG*, 377 F.3d 133, 143 (2d Cir. 2004), the parties' agreement to or promises of confidentiality are not dispositive. *See R&G Mortg. Corp. v. Fed. Home Loan Mortg. Corp.*, 584 F.3d 1, 12 (1st Cir. 2009). Defendant ACV argues that it is uncontested that Exhibits A-C appear to be screen shots from its internal website that is password protected.

The court finds that Defendant ACV's internal Auction Manager Screen, which is part of its Internal Tools application, is revealed in Exhibits A-C in a manner that arguably discloses proprietary components of its internal database. The features of this database are extraneous to Plaintiffs' claims regarding the alleged "illegal shill bidding practices [of] Malch[a]ck and Sun [Auto Warehouse]" (Doc. 29-3 at 5, ¶18), and are adequately described, albeit more generally, elsewhere. With regard to these portions of the challenged exhibits, the court agrees that Defendant ACV has satisfied its burden to establish that sealing is proper and will in no way impair the public's right of access.

Defendant ACV may therefore produce a redacted copy of the challenged exhibits, eliminating the top half of the document above the listed transactions and Plaintiffs are directed to substitute the redacted documents for their unredacted counterparts attached as Exhibits A-C to both the Kaplan Affidavit and the Second Amended Class Action Complaint.

## CONCLUSION

For the foregoing reasons, Defendant ACV's motion to seal paragraphs 14-17 of the Kaplan Affidavit is DENIED and its motion to seal Exhibits A-C thereto and to the Second Amended Class Action Complaint is GRANTED IN PART (Doc. 34). Defendant ACV shall produce redacted copies of Exhibits A-C within seven (7) business days of this Entry Order and Plaintiffs shall substitute those redacted documents for Exhibits A-C currently filed with the court within three (3) business days thereafter.

SO ORDERED.

Dated this 13th day of July, 2021.

Christina Reiss, District Judge
United States District Court