"UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

JERRY GRADL MOTORS, INC., and LIFETIME
MOTOR CARS, INC., Individually and
On Behalf of All Others Similarly Situated,

                       Plaintiffs,

v.                                                                Civil Action No. 21-CV-409

ACV AUCTIONS, INC., SUN CHEVROLET, INC.,
WHOLESALE CARS ONLINE.COM., L.L.C. d/b/a SUN
AUTO WAREHOUSE, WHOLESALE CARS ONLINE.COM,
L.L.C. d/b/a SUN AUTO WAREHOUSE OF CORTLAND,
BRIAN M. MALCHAK, JOSEPH NEIMAN, GEORGE
CHAMOUN, DANIEL MAGNUSZEWSKI and
TODD J. CAPUTO

                       Defendants

---

### ATTORNEY'S REPLY AFFIDAVIT IN FURTHER SUPPORT OF MOTION FOR CLARIFICATION

STATE OF NEW YORK    )
                                )ss:
COUNTY OF ERIE         )

    EDWARD P. YANKELUNAS, being duly sworn, deposes and states:

    1. I am an attorney at law, admitted to practice before the Courts of the State of New York and the United States District Court for the Western District of New York, and am Special Counsel to the law firm of HoganWillig, PLLC, the attorneys for Plaintiffs.

    2. This affidavit is made in further support of the Plaintiffs' motion requesting clarification as to how the Exhibits to the Kaplan Affidavit referenced in the Court's July 13, 2021 Order (Doc. 43) are to be redacted. The Court has already granted the Plaintiffs' request for an extension of time to file the redacted Exhibits pending such clarification by the Court.

{H3075682.1}

3. In response to the instant motion for clarification, the attorney for ACV Auctions, Inc. ("ACV") purports to describe the Plaintiffs' objections to ACV's redactions at issue (ACV Declaration, Par. 6). Notably, however, ACV's response completely ignores the Plaintiffs' objection to ACV's redaction of the summaries for the listed transactions immediately above the lists of transactions on the documents attached as Exhibits A-C to the Kaplan Affidavit.

4. For example, the summary for the listed transactions on the first unredacted page of Exhibit B of the Kaplan Affidavit (see Plaintiffs' motion) states "Showing 1 through 100 of 333." It is respectfully submitted – and it bears repeating – that there is nothing "proprietary" or "confidential" about a numerical summary of the transactions. If lists of the auction transactions are to remain unredacted and visible, summaries of the auction transactions should remain visible.

5. The Plaintiffs have also objected to ACV's redaction of all of the headings for the listed transactions on Exhibits A-C of the Kaplan Affidavit; the headings appear immediately above the lists which appear on the documents. The Plaintiffs' motion incorrectly specifies that the transaction headings have been redacted on Exhibits A and B of the Kaplan Affidavit. Actually, the transaction headings have been redacted by ACV for Exhibits A, B, and C of the Kaplan Affidavit and clarification relief is requested for all three (3) Exhibits.

6. Notwithstanding ACV's complicated explanation as to why ACV's headings for the columns which make up the transaction lists on the Exhibits (i.e., Vehicle, VIN, Seller, Buyer, etc.) are proprietary, common sense dictates that headings for columns which make up the lists are necessarily part of the lists. If the transaction lists on the Exhibits are to remain unredacted and viable, the headings for the listed transactions should remain visible so that the documents remain readable and understandable.

{H3075682.1}

7. Lastly, despite not being authorized by the Court's July 13, 2021 Order (Doc. 43), on each page of Exhibits A-C of the Kaplan Affidavit ACV has redacted the right-side columns of the auction transaction lists. The Plaintiffs have objected to those redactions.

8. As explained in the Plaintiffs' instant motion (Atty. Aff., Par. 5), on July 14, 2021 your deponent provided the first page of the Exhibits at issue to ACV's attorney with a line drawn where I believe the redactions should start (with redactions above the line) (Doc. 46, Ex. "2"). In response to the Plaintiffs' filing of the foregoing pages from the Exhibits in connection with the current motion for clarification, ACV's attorney claims that the Plaintiffs have intentionally violated the Court's July 15, 2021 Order.

9. Your deponent's only intention in filing the aforementioned pages as Exhibit "2" to the Plaintiffs' pending motion was to show the Court what your deponent has proposed for redactions and obtain clarification from the Court as to how the documents at issue should be redacted.

10. The Plaintiffs respectfully reiterate the request for clarification and submit that the Plaintiffs' proposal is reasonable because it protects what ACV claims to be "proprietary" but allows the documents at issue to remain understandable and usable in the subject litigation.

_____
Edward P. Yankelunas

Sworn to before me this
21st day of July, 2021.

_____
Notary Public

STEPHANIE M. SWEENEY
Notary Public, State of New York
Qualified in Niagara County
Commission Expires 3/22/22

{H3075682.1}